UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRANCE BLUNT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1492** |
| **TIM HOOPER, WARDEN** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Petitioner, Terrance[1] Blunt, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

In 2015, petitioner was charged with two counts of sexual battery of a child under the age of thirteen.[2] After entering a plea of not guilty,[3] the defense filed a "Motion to Appoint Sanity Commission to Determine Competency to Stand Trial and NGRI."[4] That motion was granted.[5] At a hearing on May 18, 2016, petitioner was found to be incompetent to proceed.[6] However, on January 11, 2017, the defense and the state jointly stipulated that petitioner's competency to proceed had been restored.[7] On April 12, 2017, the defense then informed the trial court that petitioner intended to plead not guilty by reason of insanity[8] and so filed a "Motion to Appoint Sanity Commission to Examine Defendant Regarding NGRI."[9] A sanity commission was again appointed to determine petitioner's competence at the time of the offense,[10] and a sanity hearing

---

[1] Petitioner's first name appears in the state court record as both "Terrance" and "Terrence."
[2] Rec. Doc. 16-1, pp. 1-3.
[3] Id. at p. 5.
[4] Id. at p. 30.  "'NGRI' stands for 'Not Guilty by Reason of Insanity.'" State v. Blunt, 307 So. 3d 384, 388 n.2 (La. App. 5th Cir. 2020).
[5] Rec. Doc. 16-1, p. 31.
[6] Id. at pp. 39-41.
[7] Id. at p. 43; see also id. at pp. 377-85.
[8] Id. at p. 47.
[9] Id. at p. 48.
[10] Id. at p. 49.  **It must be noted that the new sanity commission was limited solely to the issue of "the mental condition of the defendant relative to his sanity at the time of the commission of this offense."** Id. Again,

was set for May 17, 2017.[11] However, the matter was then repeatedly continued,[12] and, ultimately, on October 5, 2017, without that sanity hearing ever being held, petitioner pleaded guilty to the charged offenses and was sentenced on each count to a concurrent term of twenty-five years imprisonment without the benefit of probation, parole, or suspension of sentence.[13] Based on his later *pro se* application,[14] he was then granted an out-of-time appeal,[15] and the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences on November 18, 2020.[16] He did not seek further direct review.[17]

In January of 2022, petitioner then filed a *pro se* application for post-conviction relief with the state district court.[18] That application was denied on April 27, 2022.[19] His related *pro se* writ applications[20] were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on June 27, 2022,[21] and the Louisiana Supreme Court on February 24, 2023.[22]

No earlier than April of 2023, petitioner, again acting *pro se*, filed the instant federal application seeking habeas corpus relief.[23] The state filed a response arguing that the application

---

**petitioner's competency to proceed was no longer at issue**, in that his current competence had been established at the prior sanity hearing. Id. at pp. 43 and 377-85.
[11] Id. at p. 47.
[12] See id. at pp. 50-53, 56, and 63.
[13] Id. at pp. 64-67 and 94-109.
[14] Id. at pp. 110-26.
[15] Id. at pp. 246-47, 257, and 409-17.
[16] Id. at pp. 287-302; State v. Blunt, 307 So. 3d 384 (La. App. 5th Cir. 2020). The Court of Appeal noted, however, that the district court's minute entry and Louisiana Uniform Commitment Order failed to reflect the restriction on the benefit of probation, parole, and suspension of sentence evident from the transcript and, therefore, remanded the matter for the limited purpose of correcting those documents to conform to the transcript. The state district court made the corrections the following day. Rec. Doc. 16-1, pp. 303-05.
[17] See Rec. Doc. 3, p. 2, answer to Questions 9(g)-(h).
[18] Rec. Doc. 16-1, pp. 327-37.
[19] Id. at pp. 469-70.
[20] Id. at pp. 806-09 and 986-94.
[21] Id. at pp. 477-78.
[22] Id. at pp. 482-83; Blunt v. State, 355 So. 3d 1075 (La. 2023).
[23] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Although that date is not apparent from the record, the accompanying cover letter was dated "April ____, [sic] 2023," and the pleading was received in the prison's Legal Programs Department and electronically transmitted to this Court on May 3, 2023. Rec. Doc. 3-2.

should be dismissed as untimely,[24] and petitioner filed a reply arguing that his application should be deemed timely both because equitable tolling is warranted and because he is actually innocent.[25] However, for the following reasons, the undersigned finds that the application should in fact be dismissed as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because petitioner does not allege the existence of a state-created impediment, a newly recognized constitutional right, or a newly discovered factual predicate, Subsections B, C, and D

---

[24] Rec. Doc. 15.
[25] Rec. Doc. 17.

are inapplicable in the instant case. Accordingly, Subsection A controls, and so his federal limitations period commenced when his state court judgment became final.

With respect to determining that date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). **However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."** Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. **As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.** See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Here, as noted, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences on November 18, 2020. Under Louisiana law, he then had thirty days in which to seek further direct review by filing a writ application with the Louisiana Supreme Court. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such writ application,[26] his state criminal judgment became final for the purposes of this federal proceeding no later than December 18, 2020. Accordingly, his period for seeking federal habeas corpus relief commenced

---

[26] See Rec. Doc. 3, p. 2, answer to Question 9(g).

on that date and then expired one year later on **December 20, 2021**,[27] unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the limitations period set forth in § 2244(d)(1), federal law provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending in the state courts at any time during the one-year limitations period.

Of course, he did file an application for post-conviction relief with the state district court in January of **2022**. But that application is of no consequence under § 2244(d)(2), because his federal limitations period had already expired on December 20, **2021**. It is clear that pleadings filed in the state courts after the expiration of the federal statute of limitations simply have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). That is so because once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler, 533 F.3d at 318.

For all of these reasons, petitioner is not entitled to statutory tolling.

The Court next considers equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida,

---

[27] Because the three hundred sixty-fifth day of the limitations period fell on a Saturday, petitioner's deadline was extended until Monday, December 20, 2021. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

560 U.S. 631, 645 (2010).  However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted).  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner argues that he should be granted equitable tolling.

Petitioner first argues that equitable tolling is warranted due to his intellectual disabilities, mental problems, and ignorance of the law, stating:

> Mr. Blunt mental retardation is clear on records which predate any legal troubles.  The medical records of Terrence Blunt and the evaluations indicate an array of psychotic symptoms, including, paranoia, auditory hallucinations, disorganized speech, pressured speech, tangential thinking, flat and blunted affect, ambivalence, delusions of being controlled, and difficulties dealing with interpersonal relationships.  M. Terrance Blunt does not know the law or understand the proceedings at all.[28]

As an initial matter, it must be noted that petitioner has presented no actual evidence of his purported intellectual disabilities or mental problems.  Moreover, in any event, such conditions do not, in and of themselves, necessarily warrant equitable tolling.  See, e.g., Smith v. Johnson, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) ("[A] claim of incompetence does not automatically entitle a prisoner to equitable tolling."); Wells v. King, Civ. Action No. 3:11cv392, 2012 WL 1906420, at *2 (S.D. Miss. May 1, 2012) ("[Petitioner] argues that the limitations period should not apply in his case because he is mentally ill, mentally retarded, and unable to read or

---

[28] Rec. Doc. 17, p. 2.

6

write.  Neither the Supreme Court nor the Fifth Circuit has ever applied the doctrine of equitable tolling based upon a showing of mental incompetence in a habeas case.  At most, these courts have acknowledged that mental incompetency might provide a basis for tolling." (footnote omitted)), adopted, 2012 WL 1910089 (S.D. Miss. May 25, 2012).

Rather, even if such conditions may in some circumstances serve as a basis for equitable tolling, they do so **only** if they in fact **prevented** the prisoner from seeking relief in a timely manner.  See, e.g., Smith, 2001 WL 43520, at *3 ("[W]e have previously indicated that a prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights …."); Robinson v. Johnson, No. 99-40291, 2000 WL 821450 (5th Cir. May 31, 2000); Noble v. Cooper, Civ. Action No. 11-2866, 2012 WL 1135867, at *3 (E.D. La. Mar. 20, 2012), adopted, 2012 WL 1135857 (E.D. La. Apr. 4, 2012); Williams v. Quarterman, Civ. Action No. H-08-2162, 2009 WL 7326065, at *3 (S.D. Tex. Aug. 24, 2009) ("The Fifth Circuit has held that certain mental impairments may potentially give rise to grounds for equitable tolling, provided the petitioner proves up both the impairment and that it affected his ability to file a timely habeas petition.  If a petitioner proves some degree of mental impairment, he must then prove that the impairment prevented his timely filing; proof of both elements is imperative.").

Here, petitioner has not established that his conditions **prevented** him from seeking relief.  And, in fact, the record would belie any such contention, given that, despite his purported difficulties, he, while acting *pro se*, was able to successfully petition the state courts for an out-of-time appeal and then also file a subsequent state post-conviction application within the state limitations period.  Because he, acting without representation and despite his purported mental challenges, was capable of securing the out-of-time appeal and then seeking state post-conviction

7

relief in a timely manner, there is simply no reason to believe that he was incapable of similarly filing a timely federal application. See, e.g., Jones v. Stephens, 541 F. App'x 499, 505 (5th Cir. 2013) ("Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petitioner.  Here, [petitioner] has not made a threshold showing of incompetence and more importantly, it is clear that there is no causal connection between [his] mental illness and his failure to file a timely federal habeas petition.  And the record makes clear that regardless of any mental illness, [he] has pursued, without assistance of counsel, both state and federal habeas relief."); Clark v. Director, TDCJ-CID, Civ. Action No. 6:19cv572, 2021 WL 2483787, at *5 (E.D. Tex. May 11, 2021) ("To the extent that [petitioner] argues that he is entitled to equitable tolling due to low intelligence or 'mental challenges,' his argument fails.  First, the record shows that [he] had the ability to file a state habeas application not once, but twice.  Second, though he uses the term 'mentally challenging' to describe his situation, he does not say how that actually prevented him from filing a timely petition.  Finally, the affidavit attached to his response only speaks to his low intelligence and his difficulty understanding legal concepts.  It does not include any facts on how [his] 'mental challenges' actually prevented or stopped him from filing.  In essence, to the extent that [he] argues for equitable tolling due to low IQ, his argument fails because he does not tie his low intellect to equitable tolling." (citations omitted)), adopted, 2021 WL 2474550 (E.D. Tex. June 17, 2021).

Further, as to his purported ignorance of the law, it is clear that equitable tolling is not warranted on that basis. See, e.g., Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling."); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro*

*se* petitioner, generally does not excuse prompt filing."); Smallwood v. Cain, Civ. Action No. 12-2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that [petitioner] is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling.  In fact the United States Fifth Circuit has held that circumstances such as lack of legal assistance in preparing post-conviction pleadings, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to or inadequacy of research materials or a prison law library are not sufficient to warrant equitable tolling." (citations omitted)).

Petitioner next argues that equitable tolling is warranted because his counsel failed to inform him of the federal limitations period.[29]  However, to the extent that petitioner is arguing that his counsel's allegedly deficient performance warrants equitable tolling of the AEDPA limitations period, he is incorrect.  See, e.g., Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not.  Additional support for the proposition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings." (footnote omitted)); Lewis v. Cockrell, No. 00-10836, 2002 WL 432658, at *4 (5th Cir. Mar. 5, 2002) ("[Petitioner] essentially contends that his attorney's negligence justifies equitable tolling.  Our cases have not dealt with whether mere attorney negligence justifies equitable tolling of the limitations period of the AEDPA.  We have recognized, however, that '[a] garden variety claim of excusable neglect does not support equitable tolling.'  Because [petitioner's] allegations regarding the competency of his attorney's representation during the post-conviction proceedings do not present extraordinary circumstances that made it

---

[29] Id. at pp. 2-3.

9

impossible to timely file his petition, he cannot prevail on equitable tolling." (citation omitted)); Johnson v. McCain, Civ. Action No. 15-6899, 2016 WL 7157029, at *5 (E.D. La. Nov. 15, 2016) ("[Petitioner's] allegation that post-conviction counsel had an obligation to inform him about federal deadlines does not suffice to prove entitlement to equitable tolling.  Even if he could establish that such a duty existed, ignorance of deadlines and its related omissions do not justify equitable tolling.  As the United States Fifth Circuit has stated, ignorance of AEDPA's limitations period is no excuse for filing an untimely federal habeas petition.  Thus, even if [petitioner] could show that he was negligently advised by counsel, mere negligence by an attorney does not amount to an extraordinary circumstance warranting equitable tolling of the limitations period." (citation omitted)), adopted, 2016 WL 7116072 (E.D. La. Dec. 7, 2016).

Because petitioner has failed to establish that equitable tolling is warranted on any of the foregoing bases, because he has advanced no other bases, and because no other bases are apparent from the record, the Court should not equitably toll the federal limitations period in this case.

Finally, the undersigned notes that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013).  In Perkins, the United States Supreme Court held:

> This case concerns the "actual innocence" gateway to federal habeas review applied in Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and further explained in House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006).  In those cases, a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims.  Here, the question arises in the context of 28 U.S.C. § 2244(d)(1), the statute of limitations on federal habeas petitions prescribed in the Antiterrorism and Effective Death Penalty Act of 1996.  Specifically, ... can the time bar be overcome by a convincing showing that [the petitioner] committed no crime?
> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations.  We caution, however, that tenable actual-innocence gateway pleas are rare:  "[A]

10

petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met).

Perkins, 569 U.S. at 386. As noted, petitioner argues that he is actually innocent.[30]

In assessing such a claim of actual innocence, a court normally first examines the evidence presented at trial and on which the petitioner's conviction was based. See, e.g., Johnson v. Cain, Civ. Action No. 14-543, 2015 WL 4528889, at *3 (E.D. La. July 27, 2015), aff'd, 667 F. App'x 474 (5th Cir. 2016); Lyles v. Tanner, Civ. Action No. 13-655, 2014 WL 4674673, at *6 (E.D. La. Sept. 17, 2014). Here, of course, that is not possible because petitioner pleaded guilty. As the Louisiana Fifth Circuit Court of Appeal noted on direct appeal:

> Because defendant's convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record. However, the following factual basis was provided by the State during the guilty plea proceeding:
>
> > Furthermore, with regard to that bill once again in 15-5586, had this matter proceeded to trial with regard to count one, our evidence would have proven that: Mr. Blunt, on or between June 1, 2015, and June 30th of the same year, committed a violation of Louisiana R.S. 14:43.1 in that he did commit sexual battery upon a known juvenile. That juvenile's date of birth was 7/16/2008. At the time of that offense, the child was under the age of 13. He accomplished that offense by the touching of the victim's genitals by the offender.
> >
> > In connection with count two, our evidence would have further proven that: On or between the same date range, Mr. Blunt committed a further violation of Louisiana R.S. 14:43.1 in that he did commit sexual battery upon a second known juvenile. That juvenile's date of birth was April 2, 2013. The child in that case again was younger than 13. The offense in this case was again accomplished by the touching of the genitals by the offender. Both of those offenses occurred in Jefferson Parish and that is this Court's jurisdiction.[FN 10]

---

[30] Id. at pp. 4-5.

[FN 10] The bill of information reflects these same details.[31]

In any event, however, the next step of an "actual innocence" analysis requires a federal court then to consider the **new** evidence of actual innocence offered by the habeas petitioner. Specifically, the United States Supreme Court has explained that, in order to assert a credible claim of actual innocence, a petitioner is required "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

But, here, **petitioner has presented no new evidence whatsoever**. Without such evidence, he simply cannot meet even "the threshold requirement" for Perkins to apply, i.e. a showing that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Perkins, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329). Accordingly, Perkins does not aid him.

In summary: Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the Perkins "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **December 20, 2021**, in order to be timely. Because his application was filed no earlier than **April of 2023**, it was untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Terrance Blunt be **DISMISSED WITH PREJUDICE**.

---

[31] State v. Blunt, 307 So. 3d 384, 389-90 (La. App. 5th Cir. 2020).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   17th   day of October, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**