UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE BLUNT | CIVIL ACTION |
| VERSUS | NO. 23-1492 |
| TIM HOOPER, WARDEN | SECTION D (1) |

**ORDER AND REASONS**

The Court, having considered *de novo* Terrance Blunt's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and Petitioner's Opposition to the Magistrate's Report and Recommendation,[3] which the Court construes as an objection to the Report and Recommendation, hereby overrules the objection for the reasons below and **APPROVES** the Report and Recommendation of the United States Magistrate Judge and **ADOPTS** it as its opinion in this matter.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

As the facts and procedural background of this matter are not contested, and determining that such are accurate based on its review of the record, the Court adopts the Magistrate Judge's summary of the factual background and procedural history of the Petition with the following clarifications of the state court proceedings prior to Petitioner's guilty plea in state court.[4] In his Petition, Blunt claims that he is entitled

---

[1] R. Doc. 3.
[2] R. Doc. 19.
[3] R. Doc. 20.
[4] R. Doc. 19 at pp. 1–3. Petitioner's state court record is in the record at R. Doc. 16.

to habeas relief on the basis that he was denied due process when the trial court accepted his guilty plea before adjudicating his competency to proceed.[5] Following a referral of this matter to the Magistrate Judge, and briefing by the State and the Petitioner, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed with prejudice as untimely.[6] Petitioner then filed an Opposition to the Report and Recommendation.[7] The Court now conducts a *de novo* review of the matter.

At the outset, a clarification of the state court proceedings leading up to the Petitioner's guilty plea, as evidenced by the state court record, is helpful to fully understand the state court procedural history:

| | |
|---|---|
| 9/18/15 | Petitioner charged with Sexual Battery of Child Under 13, La. R.S. 14:43.1 (2 counts).[8] |
| 9/21/15 | Petitioner arraigned and appointed counsel.[9] |
| 2/4/16 | Petitioner filed a Motion to Appoint Sanity Commission to Determine Competency to Stand Trial and NGBRI, which the trial court granted. The trial court appointed Dr. Richard W. Richoux and Dr. Rafael F. Salcedo to determine Petitioner's *competency*.[10] |
| 5/8/16 | State and Defense stipulate to report by Dr. Richoux and Dr. Salcedo that Petitioner is not competent to proceed to trial. Petitioner is ordered committed.[11] |
| 1/4/17 | Following re-evaluation of Petitioner, Dr. Richoux and Dr. Salcedo issue a subsequent report offering their opinion that Petitioner "fully understands the nature of the charges and the |

---

[5] R. Doc. 3.
[6] R. Doc. 19.
[7] R. Doc. 20.
[8] R. Doc. 16-1 at p. 1.
[9] *Id.* at pp. 5-6.
[10] *Id.* at pp. 30-33, 375-376.
[11] *Id.* at pp. 39-41.

|  |  |
|---|---|
|  | proceedings against him, and is able to assist his attorney in preparing his defense" and that Petitioner is now competent to proceed to trial.[12] |
| 1/11/17 | State and Defense stipulate to Petitioner's competency to proceed to trial based on the 1/4/17 report received from Dr. Richoux and Dr. Salcedo.[13] |
| 1/11/17 | Petitioner advised that he would be changing his plea to not guilty by reason of insanity and would be requesting a further evaluation by the Sanity Commission to offer an opinion on Petitioner's sanity at the time of the offense.[14] |
| 4/17/17 | Petitioner filed Motion to Appoint Sanity Commission to Examine Defendant Regarding NGRI (Not Guilty by Reason of Insanity), which the trial court granted. Dr. Richoux and Dr. Salcedo appointed to determine Petitioner's *sanity* at time of offense.[15] |
| 5/10/17 | Dr. Richoux and Dr. Salcedo send letter to trial court stating that, "we failed to find that at the time of the commission of the alleged offense, there was evidence that Mr. Blunt's behavior was the result of a mental disorder which would impair his ability to distinguish right from wrong. We therefore recommend that he be found to have been legally sane at the time of the commission of the alleged offense."[16] |
| 10/5/17 | Petitioner enters plea of guilty to Sexual Battery of Child Under 13, La. R. S. 14:43.1 (2 counts) and Obscenity, La. R. S. 14:106 (1 count).[17] |

The Court further distinguishes the law regarding *competency* to proceed to trial versus a determination or opinion regarding an individual's *sanity* at the time of the commission of the offense.

---

[12] *Id.* at pp. 377-378.
[13] *Id.* at pp. 43-44, 379-383.
[14] *Id.*
[15] *Id.* at pp. 48-49, 386-387.
[16] *Id.* at pp. 239-240.
[17] *Id.* at pp. 64-68, 152-153, 154-169, 388-408.

Louisiana Code of Criminal Procedure article 642 governs competency to proceed to trial, and it provides the following:

> The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court.  When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.

Louisiana Code of Criminal Procedure article 645, which concerns the report of the sanity commission regarding an individual's competency to proceed, provides, in pertinent part, that:

> A.(1)  The report of the sanity commission members shall address their specific findings with regard to all of the following:
> > (a)  The defendant's capacity to understand the proceedings against him.
> > (b)  His ability to assist in his defense.
> > (c)  His need for inpatient hospitalization in the event he is found incompetent.

Separately, and distinctly, La. Code Crim. Procedure art. 650 governs mental examination after a plea of insanity and states, in pertinent part, the following:

> When a defendant enters a combined plea of "not guilty and not guilty by reason of insanity," the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant's mental condition at the time of the offense.

Here, Petitioner asserts in his habeas petition that the trial court accepted his guilty plea without determining his competency to proceed.[18]  The record reflects otherwise.  Petitioner was evaluated by the Sanity Commission appointed by the trial court, initially determined to be incompetent, committed for treatment, and later re-

---

[18] R. Doc. 3 at p. 3.

evaluated by the Sanity Commission and determined competent to proceed to trial.[19] The record reflects, as the above timeline clarifies, that *after* Petitioner was determined to be competent to proceed, he then moved for a further evaluation to determine his sanity at the time of the commission of the offense. The record reflects that the Sanity Commission provided a report with their opinion as to Petitioner's sanity at the time of the offense before he entered a guilty plea.[20] Again, the recitation of this history is for procedural background purposes.

## II.  PETITIONER'S OBJECTIONS

In the Report and Recommendation, the Magistrate Judge determined that Blunt's habeas petition was untimely as his conviction was affirmed by the Louisiana Fifth Circuit Court of Appeal on November 18, 2020.[21] Petitioner had thirty days, or until December 18, 2020, to seek direct review by filing a writ application to the Louisiana Supreme Court. Petitioner did not do so. Accordingly, his state criminal judgment became final no later than December 18, 2020. Petitioner had one year, until December 20, 2021, to seek habeas relief.[22] Petitioner's habeas petition was filed with this court on May 3, 2023.[23]

---

[19] *See*, generally, R. Doc. 16-1 at pp. 377-378.
[20] R. Doc. 16-1 at pp. 239-240.  The Court recognizes that a defendant's sanity at the time of the commission of the offense is a determination to be made by the factfinder if the matter proceeds to trial.  The defendant or the State may introduce evidence of the report of the Sanity Commission in such cases. *See,* La. Code Crim. Proced. art. 653 ("Upon the trial of the defense of insanity at the time of the offense, the members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney.").
[21] R. Doc. 19 at p. 2 (*citing*  R. Doc. 16-1 at pp. 287-302).
[22] R. Doc. 19 at pp. 4-5.  The Court recognizes that Petitioner filed a pro se application for post-conviction relief in January 2022 but notes that the time for filing federal habeas relief had already passed at that time. *See*, R. Doc. 16-1 at p. 1001.
[23] R. Doc. 3. The Court notes that Petitioner filed his habeas petition on May 3, 2023, but that it was marked as "deficient" by the Clerk's Office.  *See,* R. Doc. 1  The Court further recognizes that Petitioner's cover letter to his petition has a date of "April ___, 2023." R. Doc. 3-2. The Court further

In its Response, the State argues that the petition is untimely.[24] Petitioner responded by arguing that equitable tolling should apply to allow the late petition.[25] Petitioner also argues that he is actually innocent of the crimes to which he pled guilty.[26]

The Magistrate Judge's Report and Recommendation provides a thorough analysis of Petitioner's arguments, addressing statutory and equitable tolling as well as his argument of actual innocence.[27] In his Opposition to the Magistrate Judge's Report and Recommendation, Petitioner raises the same arguments that equitable tolling applies and that he is actually innocent of the crimes.[28] Petitioner does not provide any additional evidence, but adds an argument that COVID restrictions and hardships caused by Hurricane Ida prevented his timely habeas filing.[29] To the extent that Petitioner fails to bring forth any new evidence not considered or analyzed by the Magistrate Judge, this Court, upon review, adopts the thorough analysis of the Magistrate Judge regarding the inapplicability of statutory and equitable tolling.

To the extent that Petitioner now argues that COVID and/or Hurricane Ida restrictions hampered or restricted his access to the law library, and thus should allow for equitable tolling, the Court, after its review, finds that argument to be without merit. Equitable tolling is an extraordinary remedy limited to "rare and

---

recognizes that the Legal Programs Department stamped and scanned the cover letter on May 3, 2023, the same date it was received by this Court. *Id.*
[24] R. Doc. 15.
[25] R. Doc. 17.
[26] R. Doc. 17.
[27] R. Doc. 19 at pp. 3-12.
[28] R. Doc. 20.
[29] *Id.* at p. 3.

exceptional circumstances."[30]  Petitioner has provided no evidence that some extraordinary circumstance prevented him from filing a habeas petition in the three years since his state court judgment became final.  He has provided no specifics of lockdowns or how any such restrictions amounted to "exceptional circumstances."  This Court concurs with another Section of this court which found, "Intermittent lockdowns does not constitute 'extraordinary circumstances.'  Nor is the mere existence of the COVID-19 pandemic, without more, an 'extraordinary circumstance.'"[31]  The Court notes that this is not a matter where a Petitioner has missed the filing deadline by days, or even weeks; Petitioner's deadline was December 20, 2021.  Blunt's habeas petition was not filed until May 3, 2023.[32]  Moreover, and importantly, there is no evidence that Petitioner diligently pursued his habeas rights during this period of over three years.

Finally, after its own review, for the same reasons as set forth in the Report and Recommendation, the Court rejects Petitioner's claim of actual innocence.  The state record, from the transcript of Petitioner's guilty plea to his written "Boykin/Waiver of Rights" forms, expressly provides that, "This plea of guilty is accepted by the Court as having been knowingly, intelligently, freely, and voluntarily made by the defendant."[33]  The transcript of the hearing in which the trial court

---

[30] *Felder v. Johnson*, 204 F. 3d 168 (5th Cir. 2000).
[31] *Luckey v. Day*, Civ. A. No. 21-1895, 2022 WL 2712593, at *13 (E.D. La. June 9, 2022) (Currault, M.J.) (citing *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011); *United States v. Clay*, Civ. A. No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021)).
[32] R. Doc. 3. *See*, also, footnote 23 recognizing that Petitioner could possibly argue that his petition was filed sometime in April 2023.
[33] R. Doc. 16-1 at p. 166; *See, Id*. at pp. 152-168.  The Court also notes defense counsel's Motion to Appoint Sanity Commission to Examine Defendant Regarding NGRI, filed in 2017, in which counsel states, "On April 9, 2017 defendant's counsel met with defendant to discuss his case.  At that time, he

accepted Petitioner's guilty plea further reflects that the Assistant District Attorney provided a factual summary of the details of the crimes.[34] As correctly noted by the Magistrate Judge, Petitioner has not presented any new evidence to even meet the threshold requirement to show actual innocence.[35]

For the above reasons, and after its own review of the record, the Court **OVERRULES** Petitioner's objections and adopts the Magistrate Judge's Report and Recommendation.[36]

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[37] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[38] Recognizing that this Court, in adopting the Magistrate Judge's Report and Recommendation, is ordering the Petition denied with

---

was asked why the victims were lying and he stated that they were not lying, that he in fact did the offense. He stated that he hears voices and the voices tell him to do things and that the voices told him to touch the victims." R. Doc. 16-1 at p. 433.

[34] R. Doc. 16-1 at pp. 152-169.

[35] R. Doc. 19 at pp. 10-12; *Id.* at p. 12.

[36] While the Court, after its *de novo* review, fully concurs and adopts the Magistrate Judge's Report and Recommendation, it also notes that a clearer timeline of the state court procedural history prior to Petitioner's guilty plea fails to support Petitioner's sole argument of a constitutional violation.

[37] 28 U.S.C. § 2253(c)(2).

[38] *Miller-El v. Cockrell*, 537 U.S. 322, 326 & 336, 123 S.Ct. 1029, 1034 & 1039, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).

prejudice as untimely, the Court further finds that, for many of the same reasons set forth in the discussion of equitable tolling, Terrance Blunt's Petition fails to satisfy the standard of "a substantial showing of the denial of a constitutional right." As such, the Court will not issue a certificate of appealability.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Terrance Blunt for the issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, January 17, 2024.

_____
**WENDY B. VITTER**
**United States District Court**